USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                     :
VICTOR INFANTE,                  :
                    Plaintiff,    :
                     :    15 Civ. 5828 (LGS)
       -against-       :
                     :    **OPINION AND ORDER**
ALEX QUALITY MEAT MARKET CORP., et    :
al.,                            :
                Defendants.   :
                     :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Victor Infante moves to reopen the above-referenced case, which was dismissed without prejudice on September 8, 2016. For the following reasons, Plaintiff's motion is denied.

I.     BACKGROUND

Plaintiff Victor Infante filed a complaint against Defendants Alex Quality Meat Market Corp. and Alejandro Ynfante on July 24, 2015, alleging violations of the Fair Labor Standards Act. On March 16, 2016, Defendants filed a letter informing the Court that a Chapter 7 bankruptcy petition had been filed on behalf of Defendant Ynfante. By Order dated March 29, 2016, Plaintiff was required to submit a letter by April 12, 2016, explaining what Plaintiff had learned about the status of the corporate defendant and informing the Court of how Plaintiff intended to proceed in the case.

On April 12, 2016, Plaintiff informed the Court that he "[would] not be continuing this lawsuit as to the individual and corporate defendants" in light of the bankruptcy filing and Defendants' representation that the corporate defendant's sole source of income was the meat market, which was no longer in business. Plaintiff took no further action in the case. On September 8, 2016, the Court endorsed Plaintiff's letter and dismissed the case pursuant to

Federal Rule of Civil Procedure 41(a)(2).  Pursuant to that rule, the case is deemed dismissed without prejudice.

Plaintiff now seeks to reopen the case.  On September 27, 2016, Plaintiff filed a letter motion to that effect, stating that "after further investigating the status and whereabouts of the corporate defendant, we have learned that the corporate defendant is still an active corporation, which appears to still be in business."  Defendants responded on October 12, 2016, stating that the representations previously made as to the Defendants were and are accurate, that Alex Quality Meat Market Corp. does not conduct business and has not conducted business since Plaintiff was first informed of that fact and that the corporation remains technically active pending the filing of its final tax return by November 15, 2016.  Defendants further stated that they take no position on whether the case should be reopened.

## II.    LEGAL STANDARD

A party may seek relief from a final judgment, order or proceeding under Federal Rule of Civil Procedure 60(b), which provides that a court may relieve a party from final judgment due to: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ;" (3) "fraud . . . misrepresentation or other misconduct by an opposing party;" (4) the judgment being void; (5) the judgment being "satisfied, released, or discharged;" or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).

Rule 60(b) provides for "extraordinary judicial relief" when a "moving party demonstrates exceptional circumstances."  *Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 126 (2d Cir. 2009).  Final judgments should not be "lightly reopened."  *Tapper v. Hearn*, No. 15-2249-CV, 2016 WL 4204794, at *3 (2d Cir. Aug. 10, 2016) (quoting *Nemaizer v. Baker*, 793

F.2d 58, 61 (2d Cir. 1986)).  The burden of proof lies with the moving party, and the decision on whether to reopen a case lies within the discretion of the district court.  *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

### III.     DISCUSSION

Plaintiff has not demonstrated the exceptional circumstances necessary to reopen this case.  Plaintiff requests that the Court reopen this case because it "was recently uncovered" that the corporate Defendant "remains an active corporation and, according to our client, one that is still in the meat market business."  In order to successfully reopen a final judgment based on "new evidence," Plaintiff must present evidence that is "truly newly discovered or . . . could not have been found by due diligence."  *Ins. Co. of N. Am.v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 493 (2d Cir. 1983)).  The standard for seeking relief based on new evidence is "onerous."  *Int'l Bhd. of Teamsters*, 247 F.3d at 392.

First, Plaintiff has not produced any evidence that the corporate defendant continues to do business.  Instead he makes a conclusory assertion, which Defendants dispute.  Second, Plaintiff also relies on a conclusory assertion that he only recently discovered that the corporate defendant continues to do business, and does not produce evidence or even suggest that this information was unavailable earlier if he had exercised due diligence.  Plaintiff had between April 2016, when the Court issued its Order, and September 2016, when the case was dismissed, to investigate and correct the record.  Plaintiff does not meet his burden for reopening this case.

Likewise, Plaintiff is not entitled to reopen the case under Rule 60(b)(1), (3), (4), (5), or (6).  "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule

3

60(b)(1) relief." *Nemaizer,* 793 F.2d at 62 (noting that "[w]hen the parties submit to an agreed-upon disposition . . . the burden to obtain Rule 60(b) relief is heavier").  Nor has Plaintiff provided the clear and convincing evidence of material misrepresentations by Defendants necessary to succeed on a Rule 60(b)(3) motion.  *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).  The final order in this case is neither void nor satisfied, released or discharged.  Fed. R. Civ. P. 60(b)(4), (5).  Lastly, Rule 60(b)(6) -- "any other reason that justifies relief" -- does not apply.  Where the "reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."  *Int'l Bhd. of Teamsters*, 247 F.3d at 391-92.

Plaintiff's contention that the case should be reopened to avoid the cost of duplicative litigation does not constitute the extraordinary circumstances necessary to reopen a final order.  If Plaintiff chooses to disbelieve Defendants' representations and file another lawsuit, he may use the discovery he has already obtained and principles of collateral estoppel to pursue his claim.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen the case is DENIED.  The Clerk of Court is respectfully directed to close the motion at Docket No. 57 and cancel the October 27, 2016, conference.

Dated: October 24, 2016
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE